UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS AMERICAN FEDERATION OF TEACHERS,<br><br>        Plaintiff,<br><br>v.<br><br>TEXAS EDUCATION AGENCY and MIKE MORATH, in his official capacity as Commissioner of the Texas Education Agency,<br><br>        Defendants. | CIVIL ACTION NO. 1:26-cv-00024-ADA |

**PLAINTIFF'S UNOPPOSED MOTION FOR
WITNESSES TO PROCEED UNDER PSEUDONYMS**

**INTRODUCTION**

Plaintiff Texas American Federation of Teachers ("Texas AFT" or "Plaintiff") brings this motion for its Texas AFT member witnesses to proceed under pseudonyms in order to protect their safety and privacy. As reflected in the title of this motion, Defendants Texas Education Agency (the "TEA") and Mike Morath ("Morath"; together, "Defendants") are unopposed.

In conjunction with the preliminary injunction hearing scheduled for April 8, 2026, Plaintiff intends to introduce evidence (live testimony, exhibits, and/or declarations) regarding the impact of the TEA's September 12, 2025 policy letter ("TEA Policy") on Texas AFT members. Because of the emotionally charged and highly politicized subject matter of this lawsuit, Texas AFT members reasonably fear they will face harassment or reprisal if identified by their full names during the hearing and in court transcripts and filings. Some members have already received threats of violence, underscoring the seriousness of these concerns. Plaintiff therefore requests that Texas AFT member witnesses be permitted to testify pseudonymously, and that their personal identifying

information be redacted from any documents offered as exhibits or otherwise used at the hearing or filed with the Court.

As reflected in the Certificate of Conference below, Texas AFT has conferred with Defendants Texas Education Agency and Commissioner Mike Morath, and Defendants do not oppose the relief sought herein. Further, Texas AFT and Defendants have reached an agreement through which Texas AFT will provide the identities of its member witnesses to ensure that Defendants do not suffer any prejudice.

## ARGUMENT AND AUTHORITIES

**I.  The Law.**

Courts have permitted witnesses to proceed using pseudonyms when doing so "is necessary to protect a person from harassment, injury, ridicule or personal embarrassment, and that necessity outweighs the public interest" to access to public proceedings. *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. CV H-24-1103, 2024 WL 5275034, at *1 (S.D. Tex. June 10, 2024) (applying this inquiry to parties seeking to proceed anonymously); *see also Roth v. Austin*, No. 8:22CV3038, 2022 U.S. Dist. LEXIS 81876 at *13 (D. Neb. May 5, 2022) ("Courts apply similar standards to whether a witness can testify anonymously as they do to whether a party can proceed anonymously").

The Fifth Circuit has held that there is "no hard and fast formula for ascertaining" whether pseudonyms may be permitted. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Doe v. Compact Info. Sys., Inc.*, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (stating that courts should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing [an individual's] identity should yield to [their] privacy concerns").

Courts have considered a number of factors in making this determination, including:

1. "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties";

2. "whether the party's identity has thus far been kept confidential";

3. "whether the public's interest in the litigation is furthered by requiring the party to disclose his identity";

4. "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court"; and

5. "whether the suit is challenging the actions of the government or that of private parties."

*United States ex rel. Doe v. Bos. Sci. Corp.*, Civ. Action No. H-07-2467, 2009 U.S. Dist. LEXIS 59390, at *10-11 (S.D. Tex. July 2, 2009); *Sealed Plaintiff v. Sealed Defendant* #1, 537 F.3d 185, 190 (2d Cir. 2008) (same).

## II. Identifying Witnesses Poses a Risk of Retaliatory Physical and Mental Harm to Innocent Non-Parties.

One of the most important factors that courts consider in determining whether pseudonyms may be permitted is "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties." *Bos. Sci. Corp.* 2009 U.S. Dist. LEXIS 59390, at *10; *see also Stegall*, 653 F.2d at 186. In *Stegall*, the Fifth Circuit permitted plaintiffs challenging a contentious government policy in public schools to proceed anonymously, pointing, in part, to "the showing of possible threatened harm and serious social ostracization" should the parties' identities be revealed. 653 F.2d at 186. Courts have recognized that a nonparty facing such harm has an even "stronger case for anonymity[, u]nlike a litigant, who in using the courts must be prepared to accept the public scrutiny that is an inherent

3

part of public trials." *Doe v. Trs. of Dartmouth Coll.,* No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

Here, disclosure of Texas's AFT witnesses' full names or even initials could expose them to harassment, stigmatization, and retaliation. These concerns are heightened by the fact that these members are innocent non-parties (with a "stronger case for anonymity"), who did not seek to subject themselves to public scrutiny. *See id.*

At least one Texas AFT member whose experiences were detailed in Texas AFT's pleadings has already received threats of physical violence after a politician obtained screenshots of the member's posts about Charlie Kirk and called for the member's termination. *See* Exhibit 1 ("Hey you sick bitch. I'm only about an hour and a half away. Why don't we see if you're brave enough to spew your vile, hateful rhetoric to the face of someone who will do something about it?"). It has been reported that other teachers targeted by the same politician also received threats online, including messages such as, "You are [an] amazing science experiment…that needs to be terminated" and "It is my job to hunt down evil people."[1] Another member featured in Plaintiff's pleadings was doxed online and subsequently harassed when an X account with over 200,000 followers shared his name, school, and contact information.[2] *See* Exhibit 2. As a result, AFT members reasonably fear facing further harassment and even physical harm should their identities be publicized in these court proceedings.

Just as in *Stegall*, where the plaintiffs sought protection from hostile public reaction, this case implicates Texas AFT members' core rights in a political context fraught with potential

---

[1] Kelly Wiley & Christopher Adams, *'Purge them from our classrooms': Behind the push to oust Texas teachers who commented on Charlie Kirk*, KXAN (Feb. 6, 2026), https://www.kxan.com/investigations/behind-the-push-to-oust-texas-teachers-who-commented-on-charlie-kirk/.

[2] Doxing refers to the act of publicly revealing or publishing private, sensitive, or personally identifying information about an individual without their consent, typically with malicious intent to invite harassment, intimidation, or harm.

personal harm and social ostracism. The members' identities must therefore be protected to mitigate these risks. *See Stegall*, 653 F.2d at 186.

### III. The Witnesses' Identities Have Been Kept Confidential Thus Far.

Another factor courts have considered is whether the witnesses' identities have "thus far been kept confidential." *Bos. Sci. Corp.* 2009 U.S. Dist. LEXIS 59390, at *11. That is true here. In both Texas AFT's Complaint and its Motion for a Preliminary Injunction, each member referenced as an example was identified only as "Teacher [#]" in order to preserve confidentiality and protect their safety.

### IV. The Public Interest Does Not Warrant Disclosure.

Courts also examine "whether the public's interest in the litigation is furthered" by requiring disclosure. *Bos. Sci. Corp.* 2009 U.S. Dist. LEXIS 59390, at *11; *John Doe Corp. v. Pub. Co. Acct. Oversight Bd.*, No. CV H-24-1103, 2024 WL 5275034, at *1 (S.D. Tex. June 10, 2024). Here, while the facts and allegations of this case surround a matter of public concern, the public's interest in the litigation is not significantly furthered (if at all) by knowing the identities of the member witnesses. *See Bos. Sci. Corp.* 2009 U.S. Dist. LEXIS 59390, at *13. The public, which certainly has a "right to know who is using their courts," has transparency into the Plaintiff in this action, Texas AFT, an association of educators with over 66,000 members. *See id.* Protecting the witnesses' identities does not impede the public's ability to hear and evaluate their testimony, which will be presented in full. It merely safeguards the teachers from unnecessary personal exposure and the very real possibility of potential retaliation. The greater public interest lies in preventing enforcement of an unconstitutional policy that infringes on individuals' First Amendment rights, without exposing those who speak out against such violations to risk of harm. *See id.*

## V. Defendants Are Unopposed, and Thus Will Suffer No Prejudice by Permitting Witnesses to Proceed Pseudonymously.

As stated above and reflected in the Certificate of Conference below, Defendants are unopposed to this motion and thus will not be prejudiced by Texas AFT member witnesses proceeding under pseudonyms.

Courts have held that where a plaintiff's identity is known to the defendant, "there is little risk of unfairness," and the motion can properly be granted. *Roe v. Doe*, 319 F. Supp. 3d 422, 430 (D.D.C. 2018); *Roe v. Patterson*, 2019 WL 2407380, at *5 (E.D. Tex. June 3, 2019); *Doe v. Univ. of Mississippi*, 2018 WL 1703013, at *4 (S.D. Miss. Apr. 6, 2018). Here, Texas AFT will disclose the witnesses' full names to Defendants and—to the extent necessary—the Court, while still maintaining their pseudonymity for the general public, and thereby eliminating any potential for prejudice.

## VI. Plaintiff's Lawsuit Challenges Governmental Activity.

Finally, in determining whether pseudonyms may be permitted, courts consider "whether the suit is challenging the actions of the government." *Bos. Sci. Corp.* 2009 U.S. Dist. LEXIS 59390, at *10; *Stegall*, 653 F.2d at 185. As one district court explained:

> Where, as here, a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. That is because in such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.

*Plaintiffs #1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 274 (E.D.N.Y. 2015) (cleaned up). Here, Texas AFT challenges governmental activity and presents precisely this balance of interests. Defendants, as government actors, do not have a significant interest in protecting their reputations from the allegations at issue. By contrast, Texas AFT's witnesses are private citizens who face

violations of their constitutional rights and the risk of stigmatization for speaking out to vindicate those rights. Under these circumstances, the witnesses' interest in anonymity is especially compelling and warrants the Court's protection. *See id*.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this motion for its witnesses to proceed pseudonymously and directing that their personal identifying information be redacted from any documents submitted as exhibits or otherwise used at the preliminary injunction hearing or filed on the record with the Court.

Dated: February 10, 2026

Respectfully submitted,

/s/ *Karima Maloney*
Karima Maloney
Texas Bar No. 24041383
Allison Standish Miller
Texas Bar No. 24046440
Alexander M. Wolf
Texas Bar No. 24095027
STEPTOE LLP
717 Texas Avenue, Suite 2800
Houston, TX 77002
Telephone: (713) 221-2300
Fax: (713) 221-2320
kmaloney@steptoe.com
amiller@steptoe.com
awolf@steptoe.com

Ida Adibi (admitted *pro hac vice*)
Kylie Clouse (admitted *pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
iadibi@steptoe.com
kclouse@steptoe.com

        Manuel Quinto-Pozos
        Texas Bar No. 24070459
        DEATS DURST & OWEN PLLC
        2901 Bee Caves Road, Suite L
        Austin, TX 78746
        Telephone: (512) 474-6200
        Fax: (512) 474-7896
        mqp@ddollaw.com

        *Counsel for Plaintiff Texas American Federation of Teachers*

## CERTIFICATE OF CONFERENCE

I certify: 1) that on February 4, 2026, I conferred with Keith Ingram, counsel for Defendants, concerning the relief sought in this motion; and 2) that Mr. Ingram informed me that Defendants are unopposed.

        */s/ Allison Standish Miller*
        Allison Standish Miller

## CERTIFICATE OF SERVICE

I certify that on the 10th day of February 2026, a true and correct copy of the above document was served via the CM/ECF system on all counsel of record.

        */s/ Allison Standish Miller*
        Allison Standish Miller