UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS AMERICAN FEDERATION OF TEACHERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEXAS EDUCATION AGENCY and MIKE MORATH, in his official capacity as Commissioner of the Texas Education Agency,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:26-cv-00024-ADA |

**APPENDIX OF CASES NOT AVAILABLE ON WESTLAW**

| TAB | CASE |
|---|---|
| 1 | *Roth v. Austin*<br>　　2002 U.S. Dist. LEXIS 81876 (D. Neb. May 5, 2022) |
| 2. | *United States ex rel. Doe v. Boston Scientific Corp.,*<br>　　2009 U.S. Dist. LEXIS 59390 (S.D. Tex. July 2, 2009 |

# TAB 1


Neutral
As of: February 10, 2026 4:00 PM Z

# Roth v. Austin

United States District Court for the District of Nebraska

May 5, 2022, Decided; May 5, 2022, Filed

8:22CV3038

**Reporter**
2022 U.S. Dist. LEXIS 81876 *

TANNER W. ROTH, JON W. SMITHLEY, LOGAN M. PRIEBE, VICTORIA S. ROBERTS, TIMOTHY C. BEXTEN, ZACHARY R. BRAUM, ARMAND G. FONDREN, II; NATHAN P. GAVIC, BRENNAN L. BARLOW, MICHAEL T. EDWARDS, MATTHEW J. CASCARINO, MATTHEW C. DOWNING, KEVIN DUNBAR, CAMERON M. GRIM, AARON F. KARPISEK, IAN C. MCGEE, EVAN MCMILLAN, ZACHARY MORLEY, MATTHEW L. NELSON, BRYAN STIGALL, KYNAN VALENCIA, MORGAN T. VIAR, DANIEL VERA PONCE, ADAM R. CASSIDY, TRISTAN M. FRIES, and AIRMEN 1-11, Plaintiffs, vs. LLOYD J. AUSTIN III, In his official capacity as United States Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE, FRANK KENDALLIII, in his official capacity as United States Secretary of the Air Force; ROBERT I. MILLER, in his official capacity as Surgeon General of the united States Air Force; MICHAEL A. LOH, in his official capacity as the Director of the Air National Guard; DAVID A. WEISHAAR, in his official capacity as Adjutant General of the Kansas National Guard; and DARYL L. BOHAC, in his official capacity as Adjutant General of the Nebraska National Guard; Defendants.

**Subsequent History:** Injunction denied by Roth v. Austin, 603 F. Supp. 3d 741, 2022 U.S. Dist. LEXIS 89689, 2022 WL 1568830 (D. Neb., May 18, 2022)

Dismissed by, in part, Motion denied by, in part Roth v. Austin, 2022 U.S. Dist. LEXIS 152566, 2022 WL 3593373 (D. Neb., Aug. 5, 2022)

Dismissed by, As moot Roth v. Austiniii, 2023 U.S. Dist. LEXIS 73243 (D. Neb., Apr. 27, 2023)

**Prior History:** Doster v. Kendall, 2022 U.S. Dist. LEXIS 194099 (S.D. Ohio, Feb. 15, 2022)

## Core Terms

preliminary injunction, minute, anonymous, live witness, disclosure

**Counsel:** [*1] For Tanner W. Roth, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Jon W. Smithley, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Logan M. Priebe, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, [*2] Washington, DC.

For Victoria S. Roberts, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY

INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Timothy C. Bexten, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Zachary R. Braum, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA **[*3]** FIRST POLICY INSTITUTE, Washington, DC.

For Armand G. Fondren, II, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Nathan P. Gavic, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Brennan L. Barlow, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, **[*4]** KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Michael T. Edwards, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Matthew J. Cascarino, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Matthew C. Downing, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, **[*5]** PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Kevin Dunbar, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Cameron M. Grim, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann,

PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Aaron F. Karpisek, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth **[*6]** Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Ian C. McGee, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Evan McMillan, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Zachary Morley, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; **[*7]** Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Matthew L. Nelson, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann,

PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Bryan Stigall, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Kynan Valencia, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, **[*8]** Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Morgan T. Viar, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Daniel Vera Ponce, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Adam R. Cassidy, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA **[*9]** FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann,

PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Tristan M. Fries, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Airmen 1-11, Plaintiff: Craig Trainor, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Jessica Elizabeth Hart Steinmann, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Kris W. Kobach, KOBACH LAW FIRM, Lecompton, KS; Pamela Jo Bondi, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC; Rachel L. Jag, PRO HAC VICE, AMERICA FIRST POLICY INSTITUTE, Washington, DC.

For Lloyd J. Austin, III, In his official capacity **[*10]** as United States Secretary of Defense, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For United States Department of Defense, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For Frank Kendall, III, in his official capacity as United States Secretary of the Air Force, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For Robert I. Miller, in his official capacity as Surgeon General of the united States Air Force, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For Michael A. Loh, in his official capacity as the Director of the Air National Guard, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For David A. Weishaar, in his official capacity as Adjutant General of the Kansas National Guard, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. **[*11]** Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

For Daryl L. Bohac, in his official capacity as Adjutant General of the Nebraska National Guard, Defendant: Lynnett M. Wagner, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE; Timothy R. Hook, U.S. ATTORNEY'S OFFICE - OMAHA, Omaha, NE.

**Judges:** Brian C. Buescher, United States District Judge.

**Opinion by:** Brian C. Buescher

## Opinion

**ORDER REGARDING PRE-HEARING MOTIONS AND SETTING TIME LIMITS FOR PRELIMINARY INJUNCTION HEARING**

A hearing on Plaintiffs' Motion for Preliminary Injunction, Filing 20, is scheduled for May 9, 2022, at 1:30 p.m. This case is now before the Court on two motions by Plaintiffs: (1) a Motion to Allow Live Witness Testimony, Filing 52; and (2) a Motion for Protective Order to Limit Disclosure of Identity of Anonymous Witness, Filing 53. Plaintiffs indicate that Defendants "take no position" on either of these Motions. The Court also concludes that it is appropriate to set certain time limits for the preliminary injunction hearing.

As to the Motion to Allow Live Witness Testimony, Plaintiffs seek leave to present live testimony from up to three of the Plaintiff Airmen at the preliminary injunction hearing to address disputed factual matters and to provide more **[*12]** "clarity" to the Court concerning such matters than is possible in a declaration. As a well-respected commentator on federal court practice has observed, *Rule 78(b) of the Federal Rules of Civil Procedure* states that the court may provide for submitting and determining motions—necessarily including motions for preliminary injunctions pursuant to *Rule 65*—on briefs, without oral hearings, and that *Rule 65* does not explicitly require an oral hearing on a preliminary-injunction motion. 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and*

Procedure § 2949, at 246-48 (2013); *see also Fundamental Admin. Servs., LLC v. Anderson, No. CIV. JKB-13-1708, 2015 U.S. Dist. LEXIS 62623, 2015 WL 2340831, at *1 (D. Md. May 13, 2015)*. Granting a preliminary injunction without live witnesses or even oral argument is particularly appropriate when there are no genuinely disputed facts or when written submissions demonstrate that the movant is not entitled to any relief. *Id.* Here, after reviewing the parties' written submissions, the Court concludes that properly limited witness testimony may be of some assistance to the proper disposition of the request for a preliminary injunction. Plaintiffs' Motion to Allow Live Witness Testimony is granted.

In the second motion now before the court, Plaintiffs seek a protective order to prevent the identity of a witness identified as "Airman **[*13]** #9" from being revealed at the preliminary injunction hearing. They argue such an order is appropriate because Airman #9 is challenging governmental activity. They also argue that Airman #9 may be in possession of sensitive intelligence such that identifying the airman by name could expose the airman to potential counter-intelligence operations or compromise United States national security interests.

The Court has already made clear to the parties, by email from a courtroom deputy, that the identity of the witness must be known to the Court and Defendants' counsel. Thus, the issue, here, is only one of *public* disclosure of the "anonymous" witness's identity. Courts apply similar standards to whether a witness can testify anonymously as they do to whether a party can proceed anonymously. *See, e.g., McGehee v. Neb. Dep't of Corr. Servs., No. 4:18CV3092, 2019 U.S. Dist. LEXIS 8880, 2019 WL 266423, at *5 (D. Neb. Jan. 17, 2019)*. Thus, the relevant concerns include (1) the severity of the threatened harm, usually meaning threatened harm to the anonymous person; (2) the reasonableness of the anonymous person's fears, and (3) the anonymous person's vulnerability to retaliation. *Alma v. Noah's Ark Processors, No. 4:20CV3141, 2020 U.S. Dist. LEXIS 231529, 2020 WL 7246602, at *1 (D. Neb. Dec. 9, 2020)* (citing *Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)*). The consequences must be "extraordinary" in order to overcome the presumption of a transparent judicial process. *Id.* (citing *Advanced Textile, 214 F.3d at 1071*). **[*14]** The ultimate test is whether the anonymous person has a substantial right that outweighs the constitutional principle of open judicial proceedings. *Id.* (citing *Roe v. AwareWoman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001)*, *cert. denied*, *534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002))*.

Here, both the witness and the Air Force have substantial need to avoid public disclosure of the witness's identity, because of reasonable fears that disclosure of his identity could threaten national security. *See id.* (identifying the threatened harm and the reasonableness of the fears as factors relevant to whether a party should be allowed to use a pseudonym). Certainly, publicly identifying the witness increases the vulnerability of the witness to targeting by anyone interested in improperly obtaining such sensitive information. *See id.* (third factor). The need to protect national security interests is sufficiently "extraordinary" to warrant safeguarding the witness's identity. *Cf. id.* (requiring "extraordinary" consequences in the employment context). The part of the hearing during which Airman #9 testifies will be closed to the public and, in all other parts of the hearing, the airman will be identified by the Court, the parties, and any witnesses as "Airman #9." Plaintiffs' Motion for Protective Order **[*15]** to Limit Disclosure of Identity of Anonymous Witness is granted.

The last issue, which the Court raises *sua sponte*, is the matter of time limits for the preliminary injunction hearing. The Court informed the parties, by email from a courtroom deputy, that the Court had scheduled 2.5 hours for this hearing and that the Court expected the parties to plan accordingly. Recognizing this time limit, in the Motion to Allow Live Witness Testimony, Plaintiffs' counsel undertakes to focus the questions to any witnesses to get straight to the point and to limit direct testimony to approximately 20 minutes, leaving the same amount of time for cross examination. The Court understands Plaintiffs' counsel to mean approximately 20 minutes of direct examination plus 20 minutes of cross examination for each witness, rather than a total of 20 minutes for direct examination for all three witnesses.

The Court applauds counsel's undertaking "to get straight to the point," but experience has taught the Court that attorneys' estimates of how long a witness may take are sometimes inaccurate—even wildly inaccurate. To provide the parties with a fair opportunity to present their evidence and arguments, the Court **[*16]** will set the following time limits for the preliminary injunction hearing:

    1. Plaintiffs shall have a total of 80 minutes for direct examination and re-direct examination of the three witnesses they have leave to call;

2. Defendants shall have a total of 40 minutes for cross-examination of the three witnesses, although Defendants may request additional time for cross examination, by filing such a request, if they believe they can show good cause for more time;

3. Plaintiffs shall have a total of 20 minutes for their argument and may reserve some of that time for rebuttal argument; and

4. Defendants shall have 20 minutes for their argument.

The parties are, of course, welcome to use *less* than the total time they are allotted.

IT IS SO ORDERED.

Dated this 5th day of May, 2022.

BY THE COURT:

/s/ Brian C. Buescher

Brian C. Buescher

United States District Judge

**End of Document**

# TAB 2

⚠️ Caution
As of: February 10, 2026 4:05 PM Z

# United States ex rel. Doe v. Boston Scientific Corp.

United States District Court for the Southern District of Texas, Houston Division

July 2, 2009, Decided; July 2, 2009, Filed

Civil Action No. H-07-2467 (J. Rosenthal); Civil Action No. 07-2702 (J. Rosenthal); Civil Action No. 07-2704 (J. Rosenthal); Civil Action No. 07-2705 (J. Rosenthal); Civil Action No. H-08-3408 (J. Rosenthal)

**Reporter**
2009 U.S. Dist. LEXIS 59390 *

UNITED STATES OF AMERICA, ex rel. JANE DOE, Plaintiffs, v. BOSTON SCIENTIFIC CORP. and GUIDANT CORP., Defendants; UNITED STATES OF AMERICA, ex rel. JANE DOE, Plaintiffs, v. ATRICURE, INC., Defendant. UNITED STATES OF AMERICA, ex rel. JANE DOE, Plaintiffs, v. ST. JUDE MEDICAL, INC., and EPICOR MEDICAL, INC., Defendants. UNITED STATES OF AMERICA, ex rel. JANE DOE, Plaintiffs, v. ENDOSCOPIC TECHNOLOGIES, INC., Defendant. UNITED STATES OF AMERICA, ex rel. JANE DOE and DONALD P. BOONE, Plaintiffs, v. MEDTRONIC, INC., Defendant.

**Subsequent History:** Motion granted by, Dismissed without prejudice by *United States ex rel. Benett v. Medtronic, Inc., 2010 U.S. Dist. LEXIS 105018 (S.D. Tex., Sept. 30, 2010)*

Motion granted by, Dismissed without prejudice by *United States ex rel. Bennett, 2011 U.S. Dist. LEXIS 34745 (S.D. Tex., Mar. 31, 2011)*

## Core Terms

seal, retaliate, public interest, anonymity, unseal, medical device, outweigh, confidential

**Counsel:** [*1] For United States of America, Plaintiff (4:07-cv-02467): Mary Michelle Zingaro, LEAD ATTORNEY, Office of U S Attorney, Houston, TX; Michele M. Fox, LEAD ATTORNEY, Northern District of Illinois, Chicago, IL.

For Jane Doe, ex rel., Plaintiff (4:07-cv-02467): Lori E. Iwan, LEAD ATTORNEY, Iwan Cray Huber Horstman & Van Ausdal LLC, Chicago, IL; Mitchell R Kreindler, LEAD ATTORNEY, Kreindler & Associates, P.C., Houston, TX; David W Sanford, Sanford Wittels et al, Washington, DC.

For United States of America, Plaintiff (4:07-cv-02702): Mary Michelle Zingaro, LEAD ATTORNEY, Office of U S Attorney, Houston, TX.

For Jane Doe, ex rel., Plaintiff (4:07-cv-02702): Mitchell R Kreindler, LEAD ATTORNEY, Kreindler & Associates, P.C., Houston, TX; David W Sanford, Sanford Wittels et al, Washington, DC.

For United States of America, Plaintiff (4:07-cv-02704): Mary Michelle Zingaro, LEAD ATTORNEY, Office of U S Attorney, Houston, TX.

For Jane Doe, ex rel., Plaintiff (4:07-cv-02704): Mitchell R Kreindler, LEAD ATTORNEY, Kreindler & Associates, P.C., Houston, TX; David W Sanford, Sanford Wittels et al, Washington, DC.

For United States of America, Plaintiff (4:07-cv-02705): Mary Michelle Zingaro, LEAD ATTORNEY, [*2] Office of U S Attorney, Houston, TX.

For Jane Doe, ex rel., Plaintiff (4:07-cv-02705): Mitchell R Kreindler, LEAD ATTORNEY, Kreindler & Associates, P.C., Houston, TX; David W Sanford, Sanford Wittels et al, Washington, DC.

For Endoscopic Technologies, Inc., Defendant (4:07-cv-02705): Roger S Goldman, Latham & Watkins LLP, Washington, DC.

For Jane Doe, Qui Tam Relator, Donald P Boone, Plaintiffs (4:08-cv-03408): David W Sanford, LEAD ATTORNEY, Sanford Wittels et al, Washington, DC; Mitchell R Kreindler, LEAD ATTORNEY, Kreindler Assoc P.C., Houston, TX.

For United States of America, Plaintiff (4:08-cv-03408): Mary Michelle Zingaro, LEAD ATTORNEY, Office of U S Attorney, Houston, TX.

**Judges:** Lee H. Rosenthal, United States District Judge.

**Opinion by:** Lee H. Rosenthal

## Opinion

**FILED IN CAMERA AND UNDER SEAL PURSUANT TO** 31 U.S.C. § 3730

**MEMORANDUM AND ORDER**

In these related False Claims Act ("FCA") suits, the relator sued Boston Scientific Corporation, Guidant Corporation, Atricure, Inc., St Jude Medical, Inc., Endoscopic Technologies, and Medtronic, Inc. under the *qui tam* provisions of the Act. See 31 U.S.C. § 3730(b). The cases are jointly administered. The relator alleged that the defendants, medical-device companies, engaged [*3] in Medicare fraud through fraudulent billing practices and kickbacks. The relator alleged that she obtained knowledge of these practices while working for one of the defendant companies. The suits were filed in 2007 and 2008.

The *qui tam* provisions of the FCA allow a private person to bring a claim in the name of the government. The complaint is "filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* In these cases, the complaints have remained under seal and the United States has filed several motions to extend the time for its decision on intervention. At a status conference held on June 23, 2009, this court concluded that the seal would be lifted on June 30, 2009 and directed the government to decide whether to intervene by August 21, 2009.

On June 29, 2009, the relator filed an emergency motion to keep her identity under seal when the complaints in these cases are unsealed. The relator is not opposed to unsealing the [*4] complaints, but asks that her name remain sealed until these FCA cases are resolved. The relator asserts that she fears retaliation if her identity is revealed. She asserts that her husband, who is currently employed by a medical-device company, will lose his job and would be unable to obtain employment within the industry if these allegations and her identity are made a matter of public record.

"Courts have recognized that the public has a common law right to inspect and copy judicial records," but that "right is not absolute." SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Id.* "'[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Id.* (quoting Federal Savings & Loan Ins. Corp. v. Blain, 808 F.2d 395, 399 (5th Cir. 1987)). The presumption that judicial records are open to the public is based on the nature of democracy and the "citizen's desire to keep [*5] a watchful eye on the workings of public agencies." Nixon, 435 U.S. at 598, 98 S.Ct. at 1306. The party seeking to overcome the presumption of access "bears the burden of showing some significant interest that outweighs the presumption." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." Van Waeyenberghe, 990 F.2d at 848.

Courts have held that a generalized fear of retaliation or mere reputational harm is insufficient to outweigh the presumption in favor of public access to court filings. The analysis in U.S. ex rel Permison v. Superlative Technologies, Inc., 492 F.Supp.2d 561 (E.D. Va. 2007), is instructive. In that case, the government declined to intervene and the relator moved for a voluntary dismissal. The complaint was unsealed. The relator moved to reseal the complaint, arguing that he feared retaliation by the defendant, his former employer, if his identity was revealed. *Id.* at 563. The court found that the relator's fear of retaliation was "vague and hypothetical at best." *Id.* at 564. The [*6] relator "merely expresse[d] a general apprehension that his former employer might somehow interfere with his career prospects." *Id.* Such an "amorphous retaliation concern" was insufficient to outweigh the public interest in open access to court documents. *Id.* Similarly, in *Under Seal v. Under Seal, 27 F.3d 564, 1994 WL 283977 (4th Cir. 1994)* (unpublished table decision), the district court held that fear of embarrassment was an insufficient reason to seal an FCA complaint. The district court had refused to impose a permanent seal on a *qui tam* complaint alleging fraud and false claims against a government contractor after the case settled. The contractor appealed, arguing that the complaint should be sealed to prevent disclosure of the relator's identity. The relator had been an in-house attorney for the company before filing the *qui tam* complaint. The

company argued that revealing that the relator was a former in-house attorney would cause it embarrassment. The court rejected this argument, holding that "simply showing that the [sealed] information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings [*7] and records." *27 F.3d 564, Id., WL at *3* (citing *Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983)*, cert. denied, 465 U.S. 1100, 104 S. Ct. 1595, 80 L. Ed. 2d 127 (1984)).

In the present case, the relator has offered more than a vague or hypothetical fear of retaliation. She submitted an affidavit stating that she was previously employed as a sales representative for one of the defendants, a medical device company. The relator stated that she was fired after she complained about fraudulent Medicare billing procedures at that company. Through her work there, the relator learned about similar fraudulent practices at other medical device companies, including the companies involved in these FCA suits. The relator stated in her affidavit that, based on her experience in the industry, medical device companies regularly retaliate against employees who complain about fraudulent billing practices. The relator fears having her identity unsealed because her husband, who has a terminal illness with no cure, currently works as a sales representative for a medical device company. His job requires him to interact with representatives of the companies named as defendants in this case. The relator fears that her husband will [*8] be fired from his current position if it were revealed that she has sued several medical device companies for billing practices that are common in the industry. She also asserts that he would be unable to obtain a similar position at any company within the medical device industry. The loss of employment would harm the family because they would be unable to pay the significant medical bills associated with the relator's husband's terminal illness. The grounds for continued confidentiality of the relator's name are stronger than in the cases set out above.

In addition, the relator in this case does not seek to maintain the entire complaint or entire record sealed on a permanent basis, but merely asks that her identity remain under seal until the cases are resolved. The allegations will be available to the public because the complaints and subsequent filings will be unsealed. As the Fifth Circuit has held, "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall, 653 F.2d 180, 185 (5th Cir.1981)*. The public will have access to the facts and allegations of these cases after the complaints are unsealed even if [*9] the relator's identity remains under seal while the cases are pending.

The cases examining whether a party may proceed under a pseudonym are also instructive. *Federal Rule of Civil Procedure 10(a)* provides as follows:

> Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action *shall include the names of all the parties*, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

*FED. R. CIV. P. 10(a)* (emphasis added). This provision, which governs the form of captions in pleadings, has been interpreted as a mandate that parties file pleadings under nonfictitious names Several circuits have concluded that despite *Rule 10(a)*'s command that the title of every complaint "include the names of all the parties," parties may proceed anonymously when special circumstances justify secrecy. See *Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 190 (2d Cir. 2008)*; *Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001)*; *Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)*; [*10] *M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998)*. These circuits agree that a party may preserve her anonymity in judicial proceedings when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. Courts examine several factors in making this determination:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously,

whether the nature of that prejudice, if any, differs at any particular **[*11]** stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Sealed Plaintiff, 537 F.3d at 190; see also Aware Woman Ctr. for Choice, 253 F.3d at 685; Advanced Textile Corp., 214 F.3d at 1068. In R.P. v. Board of Trustees of Vista Unified School Dist., 2008 U.S. Dist. LEXIS 87533, 2008 WL 4753743 (S.D. Cal. Oct. 29, 2008), a non-FCA case, the plaintiff claimed that if his identity was revealed the defendants would "spread[] rumors about Plaintiff to deprive him of educational and employment opportunities." 2008 U.S. Dist. LEXIS 87533, [WL] at *2. The defendant moved to dismiss because the complaint failed to state the plaintiff's name, as required by Rule 10(a) of the Federal Rules of Civil Procedure. The court granted the motion but allowed the plaintiff **[*12]** to amend to include his real name. The court held that allowing the plaintiff to proceed under a pseudonym was not warranted because fears such as the plaintiff's are "common in actions alleging constitutional violations against educational institutions or employers." Id. Anonymity was unnecessary because the defendants could "easily identify Plaintiff' from the "specificity of the allegations in the complaint." Id. The plaintiff failed to show that the "low value of anonymity" in his case outweighed the public's interest in open judicial proceedings. 2008 U.S. Dist. LEXIS 87533, [WL] at *3; see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979) (affirming - long before electronic filing removed the practical obscurity of paper filings - the denial of the plaintiff's motion to proceed pseudonymously based on alleged retaliation from current employers, prospective future employers, and the bar against "lawyers who sue lawyers").

The factors outlined above support allowing the relator to proceed under a pseudonym, keeping her identity sealed when the complaint is unsealed. The revelation of the relator's identity does not pose a risk of retaliatory physical or **[*13]** mental harm, but it does pose a risk of "other harms," including retaliatory discharge, the loss of income, and the ability to pay medical bills for a terminally ill family member. The relator's identity has been kept confidential so far and there is no basis to conclude that other parties would be prejudiced by keeping her identity confidential. Although the public interest in the facts and allegations of this case is strong, the public's interest in the relator's identity itself is relatively weak. The public's "right to know who is using their courts," United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008), is outweighed in this case by the risk of harm to the relator if her identity is disclosed at this time. This court grants the relator's motion to keep the relator's identity under seal until the cases are resolved or the court orders disclosure at an earlier time.

On July 10, 2009, the seal will be lifted as to the following documents: (1) the redacted complaints filed in the related actions; (2) the United States's Notice of Intervention and Joint Stipulation of Dismissal filed in Civil Action No. H-07-2705, with the relator's name redacted and shown as "Jane Doe;" and **[*14]** (3) this order, all with the style showing the relator's name as "Jane Doe." The seal will be lifted as to filings in the related actions that occur after July 10, 2009. All other pleadings, including, but not limited to, unredacted copies of the complaints, requests for extensions, and memoranda and declarations in support, will remain under seal.

No later than August 21, 2009, the United States will intervene in these matters or notify the court that it declines to do so.

SIGNED on July 2, 2009, at Houston, Texas.

/s/ Lee H. Rosenthal

Lee H. Rosenthal

United States District Judge

**End of Document**