UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS AMERICAN FEDERATION OF TEACHERS<br><br>*Plaintiff,*<br><br>v.<br><br>TEXAS EDUCATION AGENCY and MIKE MORATH,<br><br>*Defendants.* | CASE NO. 1:26-CV-00024-ADA |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully write to provide this Court notice of a recently issued decision opining on the questions before this court of whether a state investigation of a judicial nature has begun such that the *Younger* abstention applies. The U.S. District Court for the Central District of Iowa has decided that *Younger* applies and thus refused to grant a preliminary injunction and stayed the remainder of the case pending the state investigative proceedings. *Katherine Meija and Jennifer Smith v. Iowa Board of Educational Examiners and Michael Cavin*, Case No. 4:26-cv-0020-SMR-HCA (2/23/26). (copy attached as Exhibit A).

In the Iowa case, Michael Cavin, the executive director of the Iowa Board of Educational Examiners, sent a letter to Iowa school superintendents after the shooting of Charlie Kirk. According to the opinion on page 3, the letter is very similar to the one sent by Mike Morath in this case. Cavin reminded superintendents about the ethical rules governing teachers and asked for them to submit complaints for investigation if they believed any teacher violated those ethical rules in their response to Charlie Kirk's death. Plaintiffs in the Iowa case were referred for investigation and investigations were begun.

The Iowa Court found that *Younger* abstention was thus triggered and that there was plenty of due process opportunity for Plaintiffs' constitutional claims to be raised and considered in the state proceedings. *Page 8*. These state proceedings included a contested case hearing in an administrative court and subsequent judicial review. *Id*.

Likewise in our case, several investigations have begun. The remaining process includes a potential contested case hearing and judicial review. *Younger* abstention should therefore be applied by this court in this case.

<table>
<tr><td>

Date: February 24, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

</td><td>

Respectfully submitted.

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
Special Counsel
Texas State Bar No. 00787746
keith.ingram@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

COUNSEL FOR DEFENDANTS, TEXAS EDUCATION AGENCY AND MIKE MORATH

</td></tr>
</table>

## CERTIFICATE OF SERVICE

      Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on February 24, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

Alexander M. Wolf
Texas Bar No. 24095027
Allison Standish Miller
Texas Bar No. 24046440
Steptoe LLP
717 Texas Avenue, Suite 2800
Houston, TX 77002
Telephone: (713) 221-2309
Facsimile: (713) 221-2320
awolf@steptoe.com
amiller@steptoe.com

Manuel Alfonso Quinto-Pozos
Texas Bar No. 4070459
Deats, Durst & Owen PLLC
2901 Bee Caves Rd., Suite L
Austin, TX 78746
Telephone: (512) 474-6200
Facsimile: (512) 474-7896
mqp@ddollaw.com

COUNSEL FOR PLAINTIFF, TAFT

      */s/ Keith Ingram*
      BRIAN KEITH INGRAM
      Special Counsel