# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TEXAS AMERICAN FEDERATION OF TEACHERS<br><br>　　　*Plaintiff,*<br><br>v.<br><br>TEXAS EDUCATION AGENCY and<br>MIKE MORATH,<br><br>　　　*Defendants.* | CASE NO. 1:26-CV-00024-ADA-SH |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Now come Texas Education Agency and Mike Morath and file this their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and in support of such reply would show the court the following:

## INTRODUCTION

Plaintiff continues to misconstrue and misread Mike Morath's letter to superintendents. As a result, it mistakenly attributes its members' harm to Defendants. Letter Attached as Exhibit A. These Defendants have done nothing more than solicit complaints and open investigations. These actions are not harmful to any member of Plaintiff, but if the court believes that they are, then the court should defer to the state proceedings with a *Younger* abstention.

As stated in Defendants' Motion to Dismiss and their response to the Motion for Preliminary Injunction, Mike Morath's letter does nothing to establish any new TEA policy. It notes that things have been said by teachers that might run afoul of the Educator's Code of Conduct. He says that he is referring such comments for further investigation and reminds superintendents of the method to report complaints regarding any such statements. Finally the letter commends superintendents for their swift action as the leaders of the actual employers of the teachers.

Nothing in the letter advocates that school district superintendents do anything other than report educators who they believe may have violated the educators code of ethics so that the claims

can be investigated. There is no call for terminations or reprimands or any other adverse employment action. Such a suggestion does not exist in the words as written and cannot be inferred from those words. To the extent Plaintiff has alleged such things in their complaint and subsequent pleadings the letter itself refutes the allegations.

Defendants have not harmed any members of Plaintiff. Harms allegedly suffered by members of Plaintiff are not <u>fairly</u> traceable to any action of Defendants. This matter should thus be dismissed in its entirety because neither Texas Education Agency nor Mike Morath have caused any harm to any member of Plaintiff and therefore Plaintiff has no standing.

## NO HARM AND NO TRACEABILITY

For the reasons stated in the Motion to Dismiss, Plaintiff does not have standing to bring any claims against Defendants in this case. Plaintiff's members have not been harmed by Defendants and any harm actually suffered is not traceable to Defendants. Nothing in the Response changes the fact that these Defendants have not taken adverse action against any of Plaintiff's members and that any harms suffered are not traceable to any actions of Defendants. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). "Because " [a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm," *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972), the plaintiffs in *Laird*—and respondents here— lack standing. *Clapper*, 568 U.S. at 418.

## SOVEREIGN IMMUNITY

Nothing in the response contests TEA's right to sovereign immunity. TEA should be dismissed from the suit.

## YOUNGER ABSTENTION

The Plaintiff in its response seems to agree that the *Younger* abstention is applicable to this case, except that it believes there is some sort of First Amendment exception and it asserts that the bad faith exception precludes its application. ECF No. 23 at 14. To the contrary, *Younger* applies when the First Amendment claims can be brought in the state action as Plaintiff's own case's subsequent history demonstrates and Plaintiff has made no showing of the kind of bad faith that

would preclude *Younger's* application.

**First Amendment Exception**

Contrary to Plaintiff's assertion, there is no First Amendment exception to the *Younger* abstention doctrine.

Plaintiff relies on *RTM Media, L.L.C. v. City of Houston* for the proposition that *Younger* abstention should not be applied in First Amendment cases. 518 F.Supp.2d 866, 871 (S.D. Tex. 2007). As an initial matter, the case is distinguishable in that Houston passed an ordinance regarding the content of billboards within the city. *Id.* at 868. This was a direct act limiting some commercial speech. In the instant case, there is no state action directly impinging upon speech. Instead there is a reminder from the state to school superintendents that teachers are held to the Educators' Code of Ethics and to report violations thereof to TEA for investigation.

More importantly, Plaintiff neglects to mention that in the exact same case before the exact same Court, the *Younger* abstention was granted a few months later. *RTM Media, LLC*, 578 F.Supp.2d at 885-86. The abstention in the case was then specifically upheld by the Fifth Circuit. *RTM Media*, *LLC v. City of Houston*, 584 F.3d 220, 228-29 (5th Cir. 2009).

*Colorado River Water Conservation District v. United States* cited by Plaintiff is not to the contrary. 424 U.S. 800, 813 (1976). In that 1976 case, the *Younger* abstention had not yet been extended to cover civil administrative proceedings that are judicial and criminal in nature. *Id.* at 816; *see Middlesex County Ethics Committee v. Garden State Bar Assn*, 457 U.S. 423, 433-35. Likewise, *City of Houston v. Hill* does not discuss the applicability of the *Younger* abstention. 482 U.S. 451, 452 (1987). The abstention at issue in *City of Houston* was the general principle of allowing state courts the opportunity to narrow the construction of an ambiguous statute in the first instance. *Id.* There was no state case pending at the time of the Federal suit. *Id.*

The *Middlesex* case is directly on point and compels this court to abstain from interfering with a perfectly procedurally adequate state process.

**Applicability of the Bad Faith Exception.**

The bad faith exception was extensively explained in the recent similar case from the Central District of Iowa. *Katherine Meija and Jennifer Smith v. Iowa Board of Educational Examiners and Michael Cavin*, Case No. 4:26-cv-0020 (S.D. Iowa Feb 23, 2026). (copy attached as Exhibit A).

The bad faith exception is a narrow one that has primarily been found in criminal cases where there was prosecutorial misconduct. *Id*. at 9.  As in Iowa, the Texas process outlined in Defendants' Motion to Dismiss the rules and process are neutral and "bear the ordinary markings of a professional licensing regime." *Id*.

The Iowa Court went on to state that the bad faith exception asks a different question than whether the First Amendment Claim is meritorious or strong.  *Id* at 10.  The bad faith question is "whether the state forum itself is so tainted by bad faith or so structured to harass that it cannot be trusted to adjudicate those claims fairly." *Id*.

As in the Iowa case, Plaintiff has produced no evidence of bad faith on that narrower question.  Plaintiff's members will have the full procedural protections of Texas's contested case process and there is nothing in the record before this court to indicate that the forums available are incapable of entertaining and vindicating a First Amendment defense. The Iowa Court even noted that the chilling effect of state government action on First Amendment rights does not justify intervention.  *Id*.  (citing *Younger v. Harris*, 401 U.S. 37, 50 (1971) ("Moreover, the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action.")

## OVERBREADTH AND VAGUENESS

In the interests of clarity, Defendants will briefly address the overbreadth and vagueness claims.  As stated in Defendant's Motion to Dismiss, there is no new policy enunciated by Mike Morath in his letter to superintendents.  ECF No. 17 at 1.  The letter reminded superintendents of the existing Educator's Code of Conduct and the place to report violations.  As stated in Defendants' Response to the Motion for Preliminary Injunction, these have been on the books since 1988 and 2020 respectively. ECF No. 18 at 5.

No new policy means there is nothing that can be the subject of an attack for vagueness and overbreadth. As Defendants said in their Response, "These have never been challenged as impairing any teacher's right to free speech or chilling their speech in any way." *Id*. There is no reason to believe that a code of conduct in place for almost 40 years is suddenly chilling anyone's speech or that its parameters are suddenly unknown and/or unknowable.  To the extent the state's public educators are monitoring themselves in their public utterances to avoid crossing ethical boundaries, they are wisely conducting themselves under the Educator's Code of Conduct.

## CONCLUSION

For the reasons stated in Defendants' Motion to Dismiss and herein, this court should dismiss Plaintiff's claims in their entirety due to a lack of standing.  In the alternative TEA should be dismissed and the court abstain from action in the remainder of the case in favor of the state proceedings pursuant to *Younger*. Defendants request such other and further relief to which they may show themselves to be justly entitled.

Date: March 2, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D WALTERS
Deputy Attorney General for Legal Strategy

RYAN D. KERCHER
Chief, Special Litigation Division

Respectfully submitted.

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
Special Counsel
Texas State Bar No. 00787746
keith.ingram@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

COUNSEL FOR DEFENDANTS, TEXAS
EDUCATION AGENCY AND MIKE MORATH

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on March 2, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

Alexander M. Wolf
Texas Bar No. 24095027
Allison Standish Miller
Texas Bar No. 24046440
Steptoe LLP
717 Texas Avenue, Suite 2800
Houston, TX 77002
Telephone: (713) 221-2309
Facsimile: (713) 221-2320
awolf@steptoe.com
amiller@steptoe.com

Manuel Alfonso Quinto-Pozos
Texas Bar No. 4070459
Deats, Durst & Owen PLLC
2901 Bee Caves Rd., Suite L
Austin, TX 78746
Telephone: (512) 474-6200
Facsimile: (512) 474-7896
mqp@ddollaw.com

COUNSEL FOR PLAINTIFF, TAFT

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
Special Counsel