**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **TEXAS AMERICAN FEDERATION OF TEACHERS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 1:26-cv-00024** |
| **MIKE MORATH, in his official capacity as Commissioner of the Texas Education Agency,** | |
| **Defendant.** | |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** January 6, 2026

**Date Complaint Served:** January 9, 2026

**Date of Defendant's Appearance:** January 27, 2026 (ECF Nos. 14–16).

Plaintiff Texas American Federation of Teachers ("Texas AFT") and Defendant Mike Morath ("Morath" or "State") file this Report of Parties' Planning Meeting, pursuant to Fed. R. Civ. P. 16(b) and 26(f), and state as follows:

A Zoom conference was held between the parties' counsel on March 9, 2026. The participants were Allison Standish Miller; David Isaak; Ida Adibi; and Kylie Clouse for Texas AFT; and Keith Ingram; Brian Tung; and Lauren Saeger for Morath.

### I.    Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and the basis of the parties' claims and defenses, and any possibilities for achieving a prompt settlement or other resolution of the case. In consultation with their clients, undersigned counsel

1

have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their respective clients.

## II.      Jurisdiction

### A.  Subject Matter Jurisdiction

Texas AFT brings this case under the First and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

Texas AFT's Position

Texas AFT states that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Texas AFT has standing to bring this case because it has pled a concrete injury in fact related to a violation of the United States Constitution.

State's Position

Defendant states that Plaintiff's members have not yet suffered injury and that the letter from Mike Morath did not create a new policy.  The existing processes for existing educator ethics violations is working well and not shown to be in bad faith.  If injury has occurred, the state processes are competent to handle it and can reliably deal with any defenses.  This court should abstain from further proceedings based on *Younger v. Harris*, 401 U.S. 37, 43–44, 53–54 (1971).

### B.  Personal Jurisdiction

Personal jurisdiction is not contested.

## III.     Brief Description of Case

### A.  Plaintiff's Claims

Plaintiff has filed claims alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983, for issuing a policy instructing Texas public schools to report public school teachers

to the TEA Misconduct Portal for posting "reprehensible" and "inappropriate" content in response to Charlie Kirk's death. Plaintiff claims that Texas AFT's members suffered adverse effects from the TEA Policy, including referral for investigation by the TEA's Educator Investigations division, which typically investigates allegations of abuse of students, flagging of their teaching licenses as "under investigation," and placement of at least one teacher on TEA's Do Not Hire list. Plaintiff also claims that—as a result of the TEA's policy—school districts took disciplinary action against AFT members.

## B. Defenses of Defendant

Defendant has not issued any new policy and any adverse employment action school districts took against any of Plaintiff's members was on their own initiative and there is no evidence tracing those decisions to Defendant.  The investigations themselves do not constitute injury, but if the court believes that some level of injury has occurred, then it should apply the *Younger* abstention and refrain from taking further action.

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.

The following facts are not in dispute:

- Mike Morath published a statement to school superintendents on September 12, 2025.
- Charlie Kirk's death is a matter of public concern.
- At least 350 educators were referred to the TEA for investigation following the Morath statement.

## V.    Case Management Plan

The parties have conferred and agreed to the following deadlines:

- Initial Disclosures are due March 25

- Discovery will commence the Monday after our Preliminary Injunction hearing, on April 27

- Deadline for amending pleadings is August 3

- Expert designations are due July 8 for Plaintiff, and thirty days after for the State (August 30)

- Fact discovery will close September 30 for both fact and expert witnesses

- Trial to take place the week of November 16

## VI.    Trial Readiness

The parties agree that this case will be ready for trial during the week of November 16, 2026, subject to the Court's availability.

Dated: March 23, 2026

Respectfully submitted,

/s/ *Karima Maloney*
Karima Maloney
Texas Bar No. 24041383
David Isaak
Texas Bar No. 24012887
Allison Standish Miller
Texas Bar No. 24046440
Alexander M. Wolf
Texas Bar No. 24095027
**STEPTOE LLP**
717 Texas Avenue, Suite 2800
Houston, TX 77002
Tel: (713) 221-2300
Fax: (713) 221-2320
kmaloney@steptoe.com
disaak@steptoe.com
amiller@steptoe.com
awolf@steptoe.com

Ida Adibi (*admitted pro hac vice*)
Kylie Clouse (*admitted pro hac vice*)
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902
iadibi@steptoe.com
kclouse@steptoe.com

Manuel Quinto-Pozos
Texas Bar No. 24070459
**DEATS DURST & OWEN PLLC**
2901 Bee Cave Road, Suite L
Austin, TX 78746
Tel: (512) 474-6200
Fax: (512) 474-7896
mqp@ddollaw.com

***Counsel for Plaintiff***
***Texas American Federation of Teachers***

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

*/s/ Keith Ingram*
BRIAN KEITH INGRAM
Special Counsel
Texas State Bar No. 00787746
keith.ingram@oag.texas.gov

BRIAN B. TUNG
Assistant Attorney General
Texas State Bar No. 24145179
brian.tung@oag.texas.gov

LAUREN E. SAEGER
Assistant Attorney General
Texas State Bar No. 24149365
lauren.saeger@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

**COUNSEL FOR DEFENDANT, MIKE MORATH**

5

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 23, 2026, a true and correct copy of the foregoing document has been served on all counsel of record via electronic service.

/s/ *David Isaak*
David Isaak